FILED
DEC 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JENNA HOEHNE
2111 Jefferson Davis Highway
Arlington, VA 32202

    Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
   TRANSIT AUTHORITY ("WMATA")
600 Fifth Street, N.W.
Washington, D.C. 20001
    Defendant

CASE NUMBER 1:06CV02227
JUDGE: Reggie B. Walton
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 12/28/2006

JURY ACTION

## NOTICE OF REMOVAL

Comes now the Defendant, pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C. Code Ann. § 9-1107.01(81) (2001) and gives notice that the instant action is removed from the Superior Court of the District of Columbia to this Court. The removal is based upon the following grounds:

1. On October 31, 2006, the Plaintiffs filed a Complaint against the Defendant in the civil division of the Superior Court of the District of Columbia. A copy of the Complaint and Summons in that action, Jenna Hoehne v. WMATA, 2006 CA 008005 as well as the Superior Court's Initial Order in that case are attached hereto as "A."

2. The Defendant voluntarily answered in Superior Court on December 21, 2006 (Exhibit A), after receiving a copy of the complaint in its Office of General Counsel on December 4, 2006.

3. This is a civil action in which this Court has original jurisdiction under the WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on

November 6, 1966, as amended, reprinted at D.C. Code 9-1107.01, Section 81, which provides:

> The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State Court shall be removable to the appropriate Untied States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

                                                    Respectfully submitted,

Carol O'Keeffe, # 036293
General Counsel

_____
Mark F. Sullivan, # 430876
Deputy General Counsel

_____
Janice L. Cole # 440351
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2543

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Notice of Removal was mailed, postage prepaid, on this 28th day of December, 2006, to:

Edward L. Norwind, #936393
Albert H. Lechner, #467117
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800
Attorneys for Plaintiff

_____
Janice L. Cole

Rec'd by MTS
12-4-06
(earlier
receipt by
Sonia Belcher
not perving
press)
MT
SBel-
12/06/06  12-4-06
3020

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JENNA HOEHNE
Vs.                                        C.A. No.    2006 CA 008005 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A TERRELL
Date: November 1, 2006
Initial Conference: 9:15 am, Friday, February 02, 2007
Location: Courtroom 219
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

06 2227
FILED
DEC 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


DEFENDANT'S EXHIBIT A

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Jenna Hoehne
2111 Jefferson Davis Highway
605 South                          *Plaintiff*
Arlington, VA  22202
                                                                 Civil Action No. _____
vs.

Washington Metropolitan Area
Transit Authority
600 5th Street, N.W.
Washington, D.C.  20001            *Defendant*

Resident Agent:
Sonia A. Bacchus
Office of General Counsel
600 5th Street, N.W.
Washington, D.C.  20001                **SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Albert H. Lechner, Esquire
Name of Plaintiff's Attorney
2273 Research Boulevard, Suite 200
Address                                    By _____
Rockville, Maryland  20850                       Deputy Clerk

301-948-3800                               Date _____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

JENNA HOEHNE
2111 Jefferson Davis Highway
605 South
Arlington, VA 22202

    Plaintiff

vs.

Case No.: 0008005-06

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th Street, N.W.
Washington, D.C. 20001

Resident Agent
Sonia A. Bacchus
Office of General Counsel
600 5th Street, N.W.
Washington, D.C. 20001

    Defendant

RECEIVED
Civil Clerk's Office
OCT 3 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

COMES NOW the plaintiff, Jenna Hoehne, by and through her attorneys, Edward L. Norwind, Esquire, Albert H. Lechner, Esquire and the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and respectfully represents to this Honorable Court as follows:

1. This Honorable Court has jurisdiction over the subject matter herein under Title 11-1921, Title 16-2701 and Title 12-101, of the Code of the District of Columbia, 2001 edition, as amended.

2. On or about March 16, 2005 at approximately 8:00 p.m., the plaintiff, Jenna Hoehne, was a pedestrian in a marked crosswalk lawfully proceeding westbound across First Street at its intersection with D Street, N.E., in Washington, D.C.

3. At said time and place, John Johnson was operating a Washington Metropolitan Area Transit Authority (WMATA) bus that was traveling east on D Street and then attempted to make a left turn onto northbound First Street, N.E. when the bus struck the plaintiff and knocked the plaintiff down on the street.

4. At said time and place, John Johnson, was operating a motor vehicle owned by the defendant, WAMTA, Mr. Johnson's employer.

5. At said time and place, John Johnson, upon information and belief, was operating said vehicle with the permission of defendant, WMATA, was acting as the agent, servant, or employee of defendant, WMATA, and was acting within the scope of said employment and/or agency.

6. At said time and place, John Johnson was negligent in the operation of the defendant, WMATA's bus.

7. At all times relevant herein, John Johnson, owed a continuing duty to operate defendant's bus in a reasonable and prudent manner with due regard to other persons, including the plaintiff, then and there lawfully on the roadway.

8. At said time and place, John Johnson breached his duty to operate defendant's vehicle in a reasonable and prudent manner by, among other things, failing to yield the right of way to a pedestrian lawfully in the crosswalk, failing to maintain a proper lookout, failing to observe the presence of the plaintiff in the crosswalk, failing to see what he should have seen, failing to look when he should have looked, failing to obey posted pedestrian crosswalk signs, and other traffic control devices, failing to maintain control of defendant's vehicle, failing to maintain a safe and reasonable distance between his vehicle and the plaintiff, failing to operate defendant's vehicle at a safe and reasonable speed, failing to avoid colliding with

the plaintiff and otherwise committing negligence which caused the collision described herein.

9. As a result of the aforementioned collision and negligent acts and omissions of the defendant, by and through the acts and omissions of its employee, John Johnson, the plaintiff, Jenna Hoehne, sustained serious, painful and permanent injuries, including, but not limited to, an osteochrondral injury and chondromalacia of the right lateral tibial plateau requiring surgical repair, a Grade 1 chondral lesion of the right hamate requiring surgical repair, and post-traumatic headaches and an aggravation of an arachnoid cyst that may require surgery; incurred and may in the future incur medical, hospital, and therapy expenses; incurred a loss of earnings and may in the future incur a loss of earning capacity; suffered and may in the future suffer pain, mental anguish and permanent disability; and has suffered and will in the future suffer other losses and damages.

WHEREFORE the plaintiff, Jenna Hoehne, demands judgment against the defendant Washington Metropolitan Area Transit Authority in the amount of One Million Dollars ($1,000,000) plus interest and costs and any such further relief as may be appropriate.

Respectfully submitted

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

_____
Edward L. Norwind, Bar No. 936393
Albert H. Lechner, Bar No. 467117
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800

Attorneys for Plaintiff - Jenna Hoehne

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*Albert H. Lechner*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

JENNA HOEHNE
2111 Jefferson Davis Highway
Arlington, VA 32202

       Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
    TRANSIT AUTHORITY ("WMATA")
600 Fifth Street, N.W.
Washington, D.C. 20001

       Defendant.

Civil No. 06ca8005
Judge Mary A. Terrell
Next Event: Initial Conference
February 02, 2007 at 9:15 a.m.

## ANSWER OF DEFENDANT WMATA

### FIRST DEFENSE

The Complaint herein fails to state a cause of action against Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), for which relief may be granted.

### SECOND DEFENSE

1. WMATA denies that jurisdiction of this Court is founded on DC Code §§ 11-921, 16-2701, and 12-101 as alleged in Paragraph One of the Complaint, but admits that this Court has jurisdiction pursuant to D.C. Code §§ 9-1107.01(81) and 9-1107.10.

2. WMATA is without sufficient information or belief to admit or deny the allegations of Paragraph Two of the Complaint. Therefore, they are denied.

3. WMATA admits that WMATA bus operator John Johnson was operating a WMATA bus on March 16, 2005 at 8:00 p.m. at or near the intersection of D St., N.E. and First St. N.E., Washington D.C. All other allegations of Paragraph Three are denied.

4. WMATA admits the allegations of Paragraph Four.

5. WMATA admits that at the time and place referenced, bus operator John Johnson was operating the WMATA bus with the permission of WMATA and within the scope of his employment of WMATA as alleged in Paragraph Five; all other allegations are denied.

6. WMATA denies the allegations of Paragraph Six of Plaintiff's Complaint.

7. The allegations of Paragraph Seven are simply legal conclusions, to which no response is required. To the extent a response is required, they are denied.

8-9. WMATA denies the allegations of Paragraphs Eight and Nine of Plaintiff's Complaint.

### THIRD DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, her injuries, if any, were the sole result of the acts of a person or persons other than WMATA or WMATA's servants, agents, or employees acting within the scope of their employment.

### FOURTH DEFENSE

WMATA reserves the right to assert that Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact.

### FIFTH DEFENSE

WMATA asserts the defense that if the Plaintiff was injured as alleged in the complaint, the injuries, if any, were caused by her contributory negligence and/or assumption of risk.

## SIXTH DEFENSE

WMATA asserts that the injuries Plaintiff claims as a result of the incident alleged in her Complaint are neither causally related to the incident, reasonable, nor necessary.

## SEVENTH DEFENSE

WMATA intends to rely on all defenses available from the evidence at the time of any trial and expressly reserves the right to assert such a defense as the facts become known.

Further answering the Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that it be awarded costs.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

Mark F. Sullivan #430876
Deputy General Counsel

Janice L. Cole #440351
Associate General Counsel - WMATA
600 Fifth Street, N.W.

3

Washington, D.C. 20001
(202) 962-2543

## DEMAND FOR JURY TRIAL

Defendant WMATA requests a jury trial in this matter.

_____
Janice L. Cole #440351

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21th day of December 2006, a copy of the foregoing Answer of Defendant WMATA and Demand for Jury Trial was mailed, first class postage prepaid, to:

Edward L. Norwind, #936393
Albert H. Lechner, #467117
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800
Attorneys for Plaintiff

_____
Janice L. Cole #440351

4

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

JENNA HOEHNE
2111 Jefferson Davis Highway
Arlington, VA 32202

88698

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edward Norwind & Albert Lechner
Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
(301)948-3800

## DEFENDANTS

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth St., N.W.,
Washington, D.C. 20001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER   1:06CV02227

JUDGE: Reggie B. Walton

DECK TYPE: Personal Injury/Malpracti

DATE STAMP: 12/28/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

☒ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

-0-

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☉ 1 Original Proceeding
- ● 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
_28 (US) 1441, 1446 and DC Code 9-110 701 Removal of tort case under federal question jurisdiction_

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,000,000.00   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 12/28/06   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.